USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ____5/5/2026____

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KALIN HARRIS, | |
| PLAINTIFF, | **CASE NO. 1:25-CV-06340 (AT)** |
| V. | **STIPULATED PROTECTIVE ORDER** |
| CIGNA HEALTH & LIFE INSURANCE COMPANY | |
| DEFENDANT. | |

This matter having come before the Court by stipulation of Plaintiff Kalin Harris and Defendant Cigna Health & Life Insurance Company ("Cigna" or "Defendant") for the entry of a protective order limiting the review, copying, dissemination and filing of confidential and/or proprietary documents and information to be produced by either party and their respective counsel or by any non-party in the course of discovery in this matter to the extent set forth below; and the parties, by, between and among their respective counsel, having stipulated and agreed to the terms set forth herein, and good cause having been shown;

IT IS HEREBY ORDERED THAT:

1.  This Stipulation is being entered into to facilitate the production, exchange and discovery of documents and information that merit confidential treatment.

2.  As used herein:

    a.  "Action" shall mean *Kalin Harris v. Cigna Health & Life Insurance Company* (AT), Case No. 1:25-cv-06340 (AT), filed in the United States District Court, Southern District of New York.

    b.  "Confidential Information" shall mean all Documents and Testimony which contain: trade secrets or highly sensitive, proprietary commercial information; non-public financial information; or sensitive personal information, such as medical records, financial accounts, or Social Security numbers of parties or

non-parties. Routine business or personal communications, general internal policies, and information already in the public domain generally do not qualify for confidential designation

c. "Highly Confidential Information–Attorneys' Eyes Only": To the extent the parties seek to identify documents with this heightened designation, the parties will confer and enter into a separate agreement regarding the definition thereof and its application to these proceedings.

d. "Producing Party" shall mean the parties to this Action and any third-parties producing "Confidential Information" in connection with depositions, document productions, or otherwise, or the party asserting the confidentiality designation, as the case may be.

e. "Receiving Party" shall mean the party to this Action and/or any non-party receiving "Confidential Information" in connection with depositions, document productions or otherwise.

## 1.    Scope

This Order applies to all documents, testimony, and electronically stored information (ESI) produced in this litigation.

## 2.    Designation of Confidential Material

### 2.1.    Documents

A party must designate documents by affixing the legend "CONFIDENTIAL" to each page that contains protected material.

### 2.2.    Testimony

A party may designate deposition testimony or exhibits offered in a deposition as Confidential by stating the designation on the record during, or at the conclusion of, the deposition, or by notifying all counsel in writing of those portions to be treated as such at any time up to 30 days after receiving

the final transcript by counsel for the party making the designation. During that 30-day period, all deposition testimony shall be treated as Confidential Information.

### 2.3.    Blanket Designations Prohibited

Mass, routine, or indiscriminate designations are prohibited. A party must review its production and designate only those specific documents that genuinely qualify for protection.

### 3.    Authorized Disclosure of Confidential Information

Information designated as Confidential Information must not be used by the Receiving Party for any purpose outside this Action and for no other purposes. Except with the prior written consent of the Producing Party or by order of the Court, Confidential Information shall not be furnished, shown, or disclosed to any person or entity except to:

- The Court and its personnel, if filed in accordance with paragraph 9 hereof;

- The parties, including their in house legal and human resources personnel, officers or directors actively assisting in the case;

- Counsel of record for the parties in this Action and the legal, clerical, paralegal, or other staff of such counsel;

- Court reporters, videographers, and litigation support vendors, if furnished, shown or disclosed in accordance with paragraph 6 hereof;

- Mediators or settlement officers;

- The author or original recipient of the document;

- Trial and deposition witnesses, if furnished, shown or disclosed in accordance with paragraphs 5 and 6, respectively, hereof;

- Experts and consultants retained by the parties for this Action or their counsel to furnish technical or expert services in connection with this Action or to give testimony with respect

to the subject matter of this Action at the trial of this Action or other proceeding herein, provided, however, that such Confidential Information is furnished, shown, or disclosed in accordance with paragraph 4 hereof; and.

- Any other person agreed to in writing by the parties.

## 4.    Confidential Information May Not Be Used In Any Other Proceeding

The parties and their counsel shall not furnish, show, or disclose any Confidential Information to any charging parties, claimants, plaintiffs, witnesses, experts, or other persons or parties in any other agency proceedings, arbitrations, litigations, or other actions.

## 5.    Disclosure to Expert Witnesses of Confidential Information

Before any disclosure of Confidential Information is made to an expert witness or consultant pursuant to paragraphs 2 or 3 of this Stipulation, counsel for the Receiving Party shall obtain the expert's written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by its terms.  Counsel for the Receiving Party obtaining said agreement shall supply a copy to counsel for the other party at the time of the disclosure, except that any agreement signed by an expert or consultant who is not expected to be called as a witness at any hearing or trial is not required to be supplied.

## 6.    Disclosure at Trial of Confidential Information

Should the need arise for any of the parties to disclose Confidential Information during any hearing or trial before the Court, including through argument or the presentation of evidence, such party shall do so pursuant to any Court established directions or procedures, or in the absence of such established directions or procedures, take steps necessary to preserve the confidentiality of such Confidential Information.

**7.      Use at Deposition of Confidential**

This Stipulation shall not preclude counsel for the parties from using during any deposition in this Action any documents or information which have been designated as Confidential Information under the terms hereof.    Any deposition witness, and any court reporter, who is given access to Confidential Information shall, prior thereto, be provided with a copy of this Stipulation and shall execute the agreement attached hereto as Exhibit A.  Counsel for the party obtaining the agreement shall supply a copy to counsel for the other party.

A party may not object to the continuation of a deposition solely because the witness has not signed Exhibit A before being presented with documents designated "Confidential." Instead, the witness will be given Exhibit A to sign at the next break or at the end of the deposition.

**8.      Designation of Information Produced by Non-Party**

A party may designate as Confidential Information subject to this Stipulation any document, information, or deposition testimony produced or given by any non-party to this Action, or any portion thereof.  In the case of documents, designation shall be made by notifying all counsel in writing of those documents to be stamped and treated as such at any time up to thirty (30) days after actual receipt of copies of those documents by counsel for the party asserting confidentiality.  In the case of deposition testimony, designation shall be made by notifying all counsel in writing of those portions to be stamped or otherwise treated as such at any time up to thirty (30) days after the final transcript is received by counsel for the party asserting confidentiality.  Prior to the expiration of such thirty (30) day period, or until a designation is made by counsel, if such a designation is made in a shorter period of time, all deposition testimony shall be treated as Confidential Information.

## 9.    Challenging a Designation

A receiving party may challenge a confidentiality designation at any time. A failure to challenge a designation promptly does not waive the right to challenge it later.

### 9.1.    Meet and Confer

To challenge a designation, the Receiving Party must notify the Producing Party in writing. The parties must confer in good faith within 7 days.

### 9.2.    Judicial Intervention

If the parties cannot resolve the dispute, the Receiving Party may move the Court for an order declassifying those documents or materials. If no such motion is filed, such documents or materials shall continue to be treated in accordance with their designation as Confidential Information. If such motion is filed, the documents or other materials shall be treated in accordance with their designation as Confidential Information unless and until the Court rules otherwise.

## 10.    Filing Under Seal

This Order does not authorize the automatic sealing of court filings. If a party wishes to file a document designated as "CONFIDENTIAL" by another party, the filing party must comply with Local Civil Rule 5.2 regarding filing under seal. In all cases, the proponent of confidentiality and sealing shall bear the burden of proving entitlement to sealing. Accordingly, where a party is seeking to file under seal any document labeled "CONFIDENTIAL" by another party, they may file materials under preliminary seal, with a cover letter informing the Court that the party-proponent of sealing will file a letter-brief within three days, specifying the material to be redacted or sealed, and explaining the legal basis for seeking redacted or sealed treatment. Within three days, the party-proponent of sealing or redaction shall file a letter either setting forth the reasons for sealing or redaction, or informing the Court that they will not seek any sealing or redaction, and the filing party shall then have three days to respond; provided that the filing

party will make every effort to meet and confer with the proponent of confidentiality to resolve any disagreements without the need for briefing.

## 11.    Inadvertent Failure to Designate Information

An inadvertent failure to designate qualified information or items does not, standing alone, waive the Producing Party's right to making a confidentiality designation under this Stipulation for such material. Any document or information that may contain Confidential Information that has been inadvertently produced without identification as to its confidential nature may be so designated by the party asserting confidentiality by written notice to the undersigned counsel for the Receiving Party identifying the document or information as "Confidential Information" within a reasonable time following the discovery that the document or information has been produced without such designation.

## 12.    Extracts and Summaries of Confidential Information

Extracts and summaries of Confidential Information shall also be treated as confidential in accordance with the provisions of this Stipulation.

## 13.    No Waiver of Right to Object to Production or Disclosure of Information

The production or disclosure of Confidential Information shall in no way constitute a waiver of each party's right to object to the production or disclosure of other information in this Action or in any other action.

## 14.    Stipulation Is Binding After Conclusion of Action

This Stipulation shall continue to be binding after the conclusion of this litigation except: (a) that there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal in accordance with paragraph 11 hereof); and (b) that a party may seek the written permission of the Producing Party or further order of the Court by motion with respect to dissolution

or modification of any provision of this Stipulation. The provisions of this Stipulation shall, absent prior written consent of both parties, continue to be binding after the conclusion of this Action.

### 15.    No Waiver of Privilege

Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure or a concession as to the nature of the confidentiality of the documents.

### 16.    Inadvertent Production of Privileged and Protected Information

If a Producing Party becomes aware that it has inadvertently produced information or materials that are protected by the attorney-client privilege, work product immunity, or other privilege or immunity, the Producing Party should promptly notify each Receiving Party in writing of the inadvertent production.  Once a Receiving Party receives notice in writing of the inadvertent production, it shall make reasonable efforts to gather copies of the information and materials that were distributed to others and shall return all copies of such inadvertently produced material within three (3) business days of receiving such notice.  Any notes or summaries referring or relating to any such inadvertently produced material subject to a claim of privilege or immunity shall be destroyed forthwith.  Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege designation by submitting a challenge to the Court.  The Producing Party bears the burden of establishing the privileged or otherwise protected nature of any inadvertently produced information or materials.  Each Receiving Party shall refrain from distributing or otherwise using the inadvertently disclosed information or materials for any purpose until the discoverability of the materials is agreed by the parties or resolved by the Court.  Notwithstanding the foregoing, a Receiving Party may use the inadvertently produced information or materials solely to respond to a motion by the Producing Party seeking return or destruction of such

information or materials.  If a Receiving Party becomes aware that it is in receipt of information or materials which it knows or reasonably should know are privileged, counsel for the Receiving Party shall immediately take reasonable steps to (i) stop reading such information or materials, (ii) notify counsel for the Producing Party of such information or materials, (iii) collect all copies of such information or materials, (iv) return such information or materials to the Producing Party, and (v) otherwise comport themselves with the applicable rules of professional conduct.

## 17.   Conclusion of Litigation

Within 60 days after the conclusion of this litigation (including all appeals), the receiving party must either return or destroy all confidential information.

### 17.1.    Attorney Archival Exception

Notwithstanding 17, counsel of record may retain one archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, exhibits, expert reports, and attorney work product, even if such materials contain confidential information. This Order remains binding on all retained materials.

**Submitted by and agreed to for and on behalf of all parties:**

By: /s/ John Crain
    John Crain, Esq.
    Isha Doshi, Esq.
    Seppini Law
    40 Broad Street, Fl. 7
    New York, NY 10004

ATTORNEYS FOR PLAINTIFF

Dated: May 1, 2026

By:    /s/ Dana G. Weisbrod
       Dana G. Weisbrod, Esq.
       Jennifer Y. Davis, Esq.
       JACKSON LEWIS P.C.
       666 Third Avenue, 28th Floor
       New York, NY 10017

ATTORNEYS FOR DEFENDANT

Dated: May 1, 2026

Nothing in this order shall be construed to supersede the rules governing sealed filings, including Rule IV.A of the undersigned's Individual Practices in Civil Cases, this Court's Local Rules, and the Electronic Case Filing Rules and Instructions. The parties shall meet and confer in an effort to minimize any redaction or sealing request prior to submitting such request to the Court.

SO ORDERED.

Dated:  May 4, 2026
      New York, New York

_____
ANALISA TORRES
United States District Judge

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KALIN HARRIS,<br><br>                 Plaintiff,<br><br>    -against-<br><br>CIGNA HEALTH & LIFE INSURANCE COMPANY<br><br>                 Defendant. | CASE NO. 1:25-CV-06340 (AT)<br><br><br>**AGREEMENT TO BE BOUND BY STIPULATION AND ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION** |

I, _____, state that:

1.    My address is _____.

2.    My present employer is _____.

3.    My present occupation or job description is _____.

4.    I have received a copy of the Stipulation and Order for the Production and Exchange of Confidential Information (the "Order") entered in the above-entitled action on _____ (date).

5.    I have carefully read and understand the provisions of the Order.

6.    I will comply with all of the provisions of the Order.

7.    I will hold in confidence, will not disclose to anyone not qualified under the Order, and will use only for purposes of this action, any Confidential Information that is disclosed to me.

8.      I will return all Confidential Information that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential Information.

9.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Order in this action.

Dated: _____            _____